# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA JEAN MCMACKIN,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:17-cv-01181- JLT<br><br>ORDER REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF GLORIA JEAN MCMACKIN AND AGAINST DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY |

Gloria Jean McMackin asserts she is entitled to benefits under Title II of the Social Security Act. Plaintiff argues the administrative law judge erred finding Plaintiff can perform work existing in significant numbers in the national economy. Because the ALJ failed to resolve a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles*, the administrative decision is **REMANDED** for further proceedings.

## **PROCEDURAL HISTORY**

On July 24, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning August 16, 2013. (Doc. 9-6 at 2) The Social Security Administration denied the applications at the initial level and upon reconsideration. (*See generally* Doc. 9-4) Plaintiff requested a hearing, and testified before the ALJ on May 16, 2016. (Doc. 9-3 at 24) At that time, the ALJ also obtained testimony a vocational expert. (*See id.*) On June 21, 2016, the ALJ issued an order finding Plaintiff was not disabled as defined by the Social Security Act. (Doc. 9-3 at

24-32) Plaintiff requested review of the ALJ's decision by the Appeals Council, which denied the request on July 20, 2016. (*Id.* at 11-13) Therefore, the ALJ's determination became the final decision of the Commissioner of Social Security ("Commissioner").

## STANDARD OF REVIEW

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## DISABILITY BENEFITS

To qualify for benefits under the Social Security Act, Plaintiff must establish she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial

gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

Pursuant to this five-step process, the ALJ determined Plaintiff did not engage in substantial gainful activity after the alleged onset date of August 13, 2013. (Doc. 9-3 at 26) At step two, the ALJ found Plaintiff's severe impairments included: "rheumatoid arthritis, fibromyalgia, right shoulder impingement syndrome, obesity, depression and anxiety." (*Id.*) At step three, the ALJ determined Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled a Listing. (*Id.* at 26-27) Next, the ALJ determined:

> [T]he claimant has the residual functional capacity to perform less than a full range of sedentary work as defined in 20 CFR 404.1567(a). The claimant can lift 10 pounds; sit, stand, and walk for six hours each in an eight hour day; can do occasional overhead work; can use her upper extremities for frequent but not constant work activities; and is limited to simple repetitive tasks.

(*Id.* at 28) Based upon this RFC and the vocational expert's testimony, the ALJ determined at step four that Plaintiff was not able to perform past relevant work. (*Id.* at 31) However, the ALJ found "there are jobs that exist in significant numbers in the national economy that the claimant can perform," including telephone clerk, charge account clerk, and election clerk. (*Id.* at 31-32) Thus, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. (*Id.* at 32)

## DISCUSSION AND ANALYSIS

Plaintiff asserts the ALJ erred in relying upon the testimony of the vocational expert "in light of the apparent conflict" between the testimony of the vocational expert and the *Dictionary of Occupational Titles*. (Doc. 13 at 5-6) She contends the mental requirements of the jobs identified by

the vocational expert exceed the limitation to "simple, repetitive tasks," as the ALJ limited Plaintiff to in the residual functional capacity. (*Id.* at 6) Defendant acknowledges there is a conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*, but argues "any error in not reconciling this conflict was harmless since the evidence shows that Plaintiff retains the mental ability to perform level 3 reasoning work, notwithstanding her RFC assessment." (Doc. 16 at 16-17)

**A.    ALJ's Step Five Findings**

At step five, the burden shifts to the Commissioner to show that Plaintiff can perform other substantial gainful activity and a "significant number of jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (discussing the burden shift at step five). To make this determination, the ALJ may rely upon job descriptions in the *Dictionary of Occupational Titles* ("DOT"), which classifies jobs by their exertional and skill requirements, and is published by the United States Department of Labor, Employment & Training Administration. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); 20 C.F.R. § 404.1566(d)(1). In the alternative, the ALJ may call a vocational expert "to testify as to (1) what jobs the claimant, given his or her functional capacity, would be able to do; and (2) the availability of such jobs in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999); *see also* Social Security Ruling ("SSR") 00-4p[1], 2000 WL 1898704 at *2 ("In making disability determinations, we rely primarily on the DOT . . . for information about the requirements of work in the national economy.")

The ALJ called upon vocational expert Susan Creighton-Clavel ("the VE") to "determine the extent to which [Plaintiff's] limitations erode the unskilled sedentary occupational base." (*See* Doc. 9-3 at 32) The ALJ asked the VE to consider hypothetical individual with the same mental limitations identified in the residual functional capacity for Plaintiff, including a restriction to "simple, repetitive tasks" due to "depressive and anxiety symptoms." (*Id.* at 67) The VE testified a person with the

---

[1] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989); *see also Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006) ("SSRs reflect the official interpretation of the [SSA] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations").

physical and mental limitations identified could not perform Plaintiff's past relevant work. (*Id.* at 67-68) The VE testified the individual could perform "some clerical jobs" in the national economy, such as telephone clerk, DOT 237.367-046; charge account clerk, DOT 405.367-014; and election clerk, DOT 205.367-030. (*Id.* at 68) The ALJ did not inquire whether the VE's testimony conflicted with the *Dictionary of Occupational Titles*, and the VE did not identify any conflict. (*See* Doc. 9-3 at 67-70)

**B.      Conflicts with the *Dictionary of Occupational Titles***

Pursuant to SSR 00-4p, occupational evidence provided by a vocational expert "generally should be consistent with the occupational information supplied by the DOT." *Id.*, 2000 WL 1898704 at *2. When there is a conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*, "the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert testimony] to support a determination or decision about whether the claimant is disabled." *Id.* Further, SSR 00-4p provides:

> At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the [vocational expert] evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information.

*Id.* Accordingly, the Ninth Circuit determined an ALJ must inquire "whether the testimony conflicts with the *Dictionary of Occupational Titles*," and may only rely upon conflicting expert testimony when "the record contains persuasive evidence to support the deviation." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

1.      Reasoning Levels under the *Dictionary of Occupational Titles*

In the *Dictionary of Occupational Titles*, each job each job description includes a General Educational Development ("GED") definition that "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Salas v. Astrue*, 2011 WL 2620370 at *5 (E.D. Cal. June 29, 2011) (quoting *Grigsby v. Astrue*, 2010 WL 309013 at *2 (C.D. Cal. Jan. 22, 2010)). The GED scale includes a scale for "reasoning development," which ranges from Level 1 (low) to Level 6 (high). *Id.*

Plaintiff asserts the VE's testimony conflicts with the job descriptions in the *DOT*, because the

VE opined Plaintiff could perform work as a telephone clerk, DOT 237.367-046; charge account clerk, DOT 405.367-014; and election clerk, DOT 205.367-030. Plaintiff notes each of these positions are identified in the *DOT* with a Reasoning Level 3[2], and argues this Reasoning Level exceeds that permitted by the RFC's limitation to simple, repetitive tasks. (Doc. 13 at 5-6)

### 2. Whether there is a conflict

Based upon the vocational expert's testimony, the ALJ concluded at step five that Plaintiff could perform work existing in significant numbers in the national economy, including telephone clerk, charge account clerk, and election clerk. (Doc. 9-3 at 31-32) The ALJ asserted, "Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (*Id.* at 32) However, Plaintiff argues that the ALJ failed to recognize there was an "apparent conflict" between the two vocational sources. (Doc. 13 at 5-6)

Significantly, the Ninth Circuit determined "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (*see also* Doc. 16 at 17). The Court explained that "it may be difficult for a person limited to simple, repetitive tasks to follow instructions in 'diagrammatic form'" as required with Reasoning Level 3, because "such instructions can be abstract." *Id.* (citation omitted). Indeed, Defendant recognizes the Ninth Circuit determined in Zavlin that there is a conflict between Reasoning Level 3 and the limitations imposed by the ALJ. (Doc. 16 at 17) Accordingly, the Court also finds there is also a conflict between the VE's testimony and the *DOT* job descriptions related to Plaintiff's ability to perform the requirements of the positions of telephone clerk, charge account clerk, and election clerk.

### 3. Whether the record supports the deviation

When there is a conflict between the testimony of a vocational expert and the *Dictionary of Occupational Titles*, the Court may rely upon the testimony only when "the record contains persuasive evidence to support the deviation." *Massachi*, 486 F.3d at 1153.

---

[2] Reasoning Level 3 requires an individual to "apply commonsense understanding to carry out instructions furnished in a written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *DOT*, App'x C(III).

6

In this case, Defendant argues that "any error in not reconciling this conflict was harmless since the evidence shows that Plaintiff retains the mental ability to perform level 3 reasoning work, notwithstanding her RFC assessment." (Doc. 16 at 17, citing, *e.g., Sepulveda v. Berryhill,* 2017 WL 727346, at *7-8 (E.D. Cal. Feb. 24, 2017)). Defendant argues, "Plaintiff worked for 17 years in a skilled occupation and there is no evidence that her mental abilities have declined." (Doc. 16 at 17) Defendant contends Plaintiff "did not testify to any cognitive difficulties, much less any decline in her mental abilities since she stopped working in 2013 because of her shoulder." (*Id.*) Further, Defendant observes that "Plaintiff produced no medical evidence demonstrating diminished cognitive or reasoning ability that might suggest she was unable to perform level 3 reasoning work," and she does not argue that "she lacks the ability to perform level 3 reasoning work." (*Id.* at 18, 19) Defendant contends that physicians "routinely documented normal mental status findings." (*Id.*) Defendant concludes that based on the record and "[t]he absence of medical evidence to corroborate mental limitations," any error by the ALJ in finding Plaintiff could perform work requiring Reasoning Level 3 was harmless. (*Id.* at 18-20)

In *Sepulveda*, the Court reviewed the record to determine whether the ALJ's failure to resolve a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles* was a harmless error. *Id.*, 2017 WL 727346, at *7-8. The ALJ found the claimant could perform her past relevant work, which required Reasoning Levels 2 and 3, though the claimant was limited to "understanding, remembering, and carrying out simple 1-2 step tasks." *Id.* at *6. The Court noted the claimant had obtained a GED and "[t]he record also reflects that Plaintiff has performed the same work as mail clerk and deli cutter in the past." *Id.* The Court found "no support in [the] medical records demonstrating that she has diminished reasoning ability that would preclude her from performing her past relevant work." *Id.* at *8. Therefore, the Court concluded any error by the ALJ was harmless, because the record demonstrated she was "capable of her past relevant work as a deli cutter-slicer, which requires application of a commonsense understanding to carry out detailed but uninvolved written or oral instructions at reasoning level 2." *Id.*

In contrast to *Sepulveda*, here, the ALJ did not determine at step four that Plaintiff was able to perform her past relevant work. (Doc. 9-3 at 31) Thus, the burden is not on Plaintiff to produce

7

evidence that she is unable to perform the jobs identified, contrary to Defendant's assertion that she should have identified evidence in challenging the ALJ's findings. In addition, issue is not whether Plaintiff retained the cognitive ability to perform her past relevant work, as it was before the Court in *Sepulveda.* Instead, the issue is whether the ALJ's determination at step five is supported by substantial evidence, and the Commissioner has the burden to show that Plaintiff can perform work existing in significant numbers in the national economy. *Kail*, 722 F.2d at 1498; *see also Osenbrock*, 240 F.3d at 1162.

Though Defendant now argues that the record supports a conclusion that Plaintiff was not limited to performing simple and repetitive tasks, this argument is clearly contrary to the conclusions of the ALJ. For example, Defendant observes that "[s]tate agency physicians reviewed Plaintiff's medical records and opined that she had mild mental limitations at most and she did not have a severe mental impairment." (Doc. 16 at 18) However, the ALJ rejected these conclusions, finding that Plaintiff's depression and anxiety were severe and indicating in the residual functional capacity that Plaintiff was "limited to simple repetitive tasks"— which the ALJ attributed to her "depressive and anxiety symptoms." (Doc. 9-3 at 26, 28, 67) The Regulations clearly indicate that a claimant's residual functional capacity is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). Thus, despite the evidence identified by Defenndant, the ALJ concluded that *at most* Plaintiff can perform simple, repetitive tasks—and thus complete jobs requiring Reasoning Level 3.

Moreover, in *Zavalin* the Ninth Circuit observed that in determining whether an ALJ's failure to reconcile a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles*, the Court is "'constrained to review the reasons the ALJ asserts' and 'cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.'" *Zavalin*, 778 F.3d at 848 (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)) Thus, the Court may not consider reasoning now offered only by Defendant, but must consider the ALJ's reasoning in finding Plaintiff could perform work identified by the vocational expert. However, there is no

indication in the record that the ALJ was aware of the conflict, and he indicated his step five decision was "[b]ased on the testimony of the vocational expert." (Doc. 9-3 at 32)

Because the ALJ did not address the apparent conflict— and the vocational expert did not explain her conclusions that Plaintiff could perform the jobs identified despite the limitation to simple, repetitive tasks— the record cannot support the deviation from the *Dictionary of Occupational Titles*. *See Johnson*, 60 F.3d at 1435; *Rawlings v. Astrue*, 318 Fed. Appx. 593, 595 (2009) ("Only after determining whether the vocational expert has deviated from the *Dictionary of Occupational Titles* and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination.")

**C.     Remand is Appropriate**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the District Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In addition, an award of benefits is directed when no useful purpose would be served by further administrative proceedings, or where the record was fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ failed to address the apparent conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles*. Based upon the record, the Court is unable to determine whether Plaintiff is able to perform work existing in significant numbers in the national economy. Accordingly, a remand for further proceedings is appropriate in this matter. *See Zavalin v. Colvin,* 778 F.3d 842, 848 (9th Cir. 2015) (an ALJ's failure to reconcile apparent conflict was not harmless where the ALJ failed to recognize a conflict and did not ask the vocational expert why a person with the limitation to simple

9

and routine tasks "could nevertheless meet the demands of Level 3 Reasoning"); *see also Dieugenio v. Astrue*, 2010 WL 317269 at *3 (C.D. Cal. Jan. 19, 2010) (holding that where the expert claimed that his testimony was consistent with information in the *Dictionary of Occupational Titles* but a review of the descriptions "reveal[ed] a conflict with respect to the jobs identified," failure to address the conflict warranted a remand for further proceedings).

## CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes the ALJ erred by failing to address the apparent conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*. Because the ALJ failed to apply the correct legal standards, the testimony of the vocational expert cannot support the conclusion that Plaintiff is able to perform work in the national economy. *See Zavalin*, 778. F.3d at 846; *Rawlings*, 318 Fed. Appx. at 595. Consequently, the ALJ's decision cannot be upheld by the Court. *See Sanchez*, 812 F.2d at 510. Because the Court finds remand is appropriate on these grounds, it offers no findings on the remaining argument presented in Plaintiff's opening brief.

Accordingly, the Court **ORDERS**:

1. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and
2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Plaintiff Gloria Jean McMackin and against Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **November 15, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE